STATE OF VERMONT
ORANGE COUNTY

ORRY FISCHER                    )          Orange Superior Court
                                )          Docket No. 93-4-09 Oecv
v.                              )
                                )          on appeal from
THOMAS McCARTHY                 )          Docket No. 225-5-08 Oesc

FILED

AUG 2 7 2009

ORANGE SUPERIOR COURT

SMALL CLAIMS APPEAL
Decision

Thomas McCarthy appeals from a judgment of the Small Claims Court in favor of Orry Fischer, who was a tenant of Mr. McCarthy's and sued for return of his security deposit and other damages arising out of the rental. Mr. McCarthy counterclaimed for rent for the remainder of the lease period, as the tenancy terminated prior to the end of the contract period. The Small Claims Court entered judgment in favor of Mr. Fischer for double the amount of the unreturned security deposit plus the value of a space heater, and entered judgment for Mr. Fischer on the counterclaim. Mr. McCarthy appeals from this judgment.

The Small Claims Court hearing was held on September 28, 2008. Both parties represented themselves. The Small Claims Court issued Findings, Conclusions and an Order on March 17, 2009. Mr. McCarthy appealed and Mr. Fischer filed a Reply Memorandum. This Court has reviewed both and has listened to the full tape of the hearing before the Small Claims Court.

It is not the function of the Superior Court to substitute its own judgment for that of the Small Claims Court. Rather, the role of the Superior Court is to determine whether or not the evidence presented at the hearing supports the facts that the Judge decided were the credible facts, and whether or not the Judge correctly interpreted the law.

In this case, the basis of the appeal is a claim that the evidence does not support the findings of fact of the Small Claims Court. Mr. Fischer noted in his Reply Memorandum that Mr. McCarthy had not filed a memorandum of law. While this is true, it was unnecessary for him to do so, since in Mr. McCarthy's Statement of Legal Questions, he was explicit that he was not appealing on the basis of any legal rulings, but rather on whether the factual findings were supported by evidence, and he identified the specific findings that he challenged. Those issues are addressed below. It should be noted that although Mr. McCarthy attached documents to his Statement of Legal Questions, this court has not considered those in deciding the case, as it is too late for the submission of additional evidence. An appeal is decided solely on the basis of the evidence presented at the hearing.

Item 1. Mr. McCarthy questions Mr. Fischer's credibility, and compares inconsistent statements in the answer to counterclaim and findings of fact. It is entirely up to the trial court to determine what specific facts of any witness are credible or not, based on the evidence at trial and not in pleadings. Furthermore, the discrepancy does not appear to be one that affected the outcome.

**Item 2.** Mr. McCarthy offers additional evidence. Even if true, it would not affect the outcome, as the particular fact disputed was not the basis for the decision.

**Item 3.** Mr. McCarthy disputes the court's findings on the amount of the initial payment and other facts. While his facts may be more accurate than the court's findings on these points, changing those facts would not affect the outcome, as those particular facts were not the basis for the decision or amount of judgment.

**Item 4.** Mr. McCarthy offers additional evidence. Even if true, his facts would not affect the outcome, as those particular facts were not the basis for the decision or amount of judgment.

(There is no Item 5.)

**Item 6.** Mr. McCarthy offers additional evidence. Even if true, it would not affect the outcome, as those particular facts were not the basis for the decision or amount of judgment.

**Item 7.** Mr. McCarthy offers a different interpretation of the evidence. Even if true, it would not affect the outcome, as those particular facts were not the basis for the decision or amount of judgment.

**Item 8.** The trial court finding that Mr. Fischer ratified the agreement his mother made with Mr. McCarthy on his behalf and it was therefore a binding agreement is supported by the evidence.

**Item 8a.** Different facts offered by Mr. McCarthy about his entry into the premises would not change the outcome, as they are not critical to the basis for the court's decision.

**Item 9.** Even if Mr. McCarthy's facts as to dates are more correct than those found by the court, the difference does not change the decision.

**Item 10.** Any error in interpreting the specific facts is harmless as those facts were not the basis of the court's decision.

**Item 11.** The court's finding was consistent with Mr. McCarthy's item (except for the date, which is not material): Mr. Fischer broke the lease and violated tenant's responsibilities to landlord; as a result of this and other circumstances, an agreement was made to terminate the tenancy with agreed upon terms. The Small Claims Court enforced the terms of that agreement.

**Item 12.** Same as Item 11.

**Item 13.** Same as Item 11.

**Item 14.** Mr. McCarthy offers additional evidence. Even if true, it would not affect the outcome, as those particular facts were not the basis for the decision or amount of judgment.

(There is no Item 15.)

**Item 16.** There is a sufficient evidentiary basis in the photos to support the findings of fact of the Small Claims Court on the issue of water damage.

(There is no Item 17 or Item 18.)

**Item 19.** There is sufficient evidence to support the finding of the Small Claims Court on the issue of the sending of the letter; in any event, the finding was not the basis for the decision.

**Item 20.** The difference in wording would not make a difference in the outcome.

**Item 21.** The evidence before the Small Claims Court on the date of the hearing was sufficient to support an award of damages for the value of the unreturned electric heater.

In summary, although the Small Claims Court may have been inaccurate about certain specific dates, any changes in date would not affect the decision and judgment of the Court. It was up to the Small Claims Judge to decide issues of credibility in determining the facts. There is sufficient evidence in the record to support the findings of fact and conclusions of the Small Claims Court.

### ORDER

The decision of the Small Claims Court dated March 17, 2009, is *affirmed.*

Dated at Chelsea, Vermont this 27th day of August, 2009.

Hon. Mary Miles Teachout
Superior Court Judge